UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                          Plaintiff,<br><br>   v.<br><br>FERNANDO LOPEZ, d/b/a "Computer Service" and "Computer Service Engineers" and JOHN DOES 1-10,<br><br>                          Defendants. | No. C08-1743-JCC<br><br>ORDER GRANTING MICROSOFT CORPORATION'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT FERNANDO LOPEZ |

      This matter comes before the Court on Plaintiff Microsoft Corporation's ("Microsoft") Motion for Entry of Default Judgment and Permanent Injunction Against Defendant Fernando Lopez (Dkt. No. 12). Defendant Fernando Lopez has filed no response and has not otherwise appeared in this action, despite being properly served with a summons and the Complaint on December 4, 2008. (Dkt. No. 5.) The Court has carefully considered the motion, the declaration and exhibit filed in support of the motion, and the balance of pertinent materials in the case file and has determined that oral argument is not necessary. The Court hereby GRANTS the motion and finds and rules as follows.

**I. BACKGROUND**

According to Microsoft's Complaint, Defendant Fernando Lopez, a California citizen, distributes counterfeit computer software using the Internet, through such means as the website www.craigslist.org ("Craigslist"). (Compl. ¶ 3 (Dkt. No. 1).) After Microsoft investigators purchased a counterfeit copy of Microsoft Windows XP operating system software through Defendant, Microsoft sent Defendant a cease and desist letter notifying him that the purported Microsoft Windows software he distributed was counterfeit, that he could be subject to civil liability for violation of federal copyright and trademark laws—up to $150,000 for each willful copyright infringement and up to $1,000,000 for willful trademark infringement—and that if he had any questions, he could contact Microsoft. (September 30, 2008, Letter (Dkt. No. 13 at 5).) Despite receiving the cease and desist letter on October 2, 2008 (FedEx Tracking Receipt (Dkt. No. 13 at 7)), Defendant allegedly continued to distribute the counterfeit software; Microsoft investigators again purchased counterfeit copies of Windows XP from Defendant, via telephone and through direct email. (Compl. ¶ 21 (Dkt. No. 1).)

On December 3, 2008, Microsoft initiated this lawsuit, seeking to recover damages from Defendant's alleged infringements of Microsoft's copyrights and seeking to enjoin Defendants' future infringements.[1] (*Id*. ¶ 1.) Attached to its Complaint are copies of Microsoft's pertinent copyright and trademark registrations. (Copyright registration for Microsoft Windows XP Professional (Dkt. No. 1 at 17); Trademark registrations for Microsoft and Windows XP (Dkt. No. 1 at 20–30).) On December 4, 2008, Microsoft served Defendant with a summons and the Complaint via substitute service at a residence believed to be Defendant's usual place of abode and on an individual of suitable age and discretion

---

[1] In the instant motion, Microsoft does not seek damages arising from its Lanham Act and other common law claims. (Mot. 2 n.1 (Dkt. No. 12).)

residing there, as permitted by Federal Rule of Civil Procedure 4(e)(2)(B). (Affidavit of Service (Dkt. No. 5 at 1); Jensen Decl. ¶ 3 (Dkt. No. 10 at 2).) Defendant failed to timely answer the Complaint or otherwise appear in the action, so on February 2, 2009, Microsoft moved for an order of default. (Dkt. No. 9.) The Clerk entered an Order of Default against Defendant on February 3, 2009. (Dkt. No. 11.) On March 31, 2009, Microsoft filed the instant motion for a default judgment comprised of copyright statutory damages in the amount of $30,000 and a permanent injunction to prevent Defendant's continued violation of Microsoft's copyrights.

## II. APPLICABLE STANDARDS

The Federal Rules and Local Rules authorize the Court to enter a default judgment against a party after entry of that party's default by the court clerk. FED. R. CIV. P. 55(b); Local Rule W.D. Wash. CR 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has explained that:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In addition, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (*quoting TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). When determining the relief to be awarded in a default judgment, the Court must bear in mind that "[a] default judgment

must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

**III. DISCUSSION**

The Clerk of Court entered Defendant's default more than two months ago. (Dkt. No. 11.) Defendant still has not appeared in this action. Therefore, the Court must determine whether and how to order a default judgment.

**A. Liability**

The Court considers the *Eitel* factors, summarized above, in determining whether to impose liability upon Defendant.

### 1. The Possibility of Prejudice to Plaintiff

The Court finds that Microsoft would suffer prejudice if the default judgment is not entered because Microsoft would be without other recourse for recovery. *See Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (finding same where non-appearing defendant imported counterfeit cigarettes, infringing plaintiff's registered trademarks). Microsoft alleges in its Complaint that Defendant's distribution and sale of counterfeit copies of Microsoft software has caused and continues to cause Microsoft harm to its business reputation and goodwill by causing consumers to be confused, mistaken, or deceived about the authenticity of the Microsoft products distributed. (Compl. ¶ 22 (Dkt. No. 1 at 6).) As discussed above, because Defendant has defaulted, the Court accepts these allegations in the Complaint as true. Therefore, the likelihood of continuing harm to Plaintiff if the default judgment is not entered weighs in favor of the issuance of a default judgment.

### 2. The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

Microsoft has adequately pled its substantive claim of copyright infringement in its Complaint. Under section 501 of the Copyright Act, anyone who violates any of the exclusive

rights of the copyright owner is an infringer. 17 U.S.C. § 501(a). Exclusive rights of copyright owners include, *inter alia*, reproducing the copyrighted work, preparing derivative works, and distributing copies to the public. 17 U.S.C. § 106. Microsoft has alleged that Defendants distributed infringing materials to the public without authorization by Microsoft. (Compl. ¶ 26 (Dkt. No. 1 at 6).)

Further, the fact, accepted herein as true, that Microsoft was able to purchase counterfeit copies of Microsoft software from Defendant even after Microsoft sent a cease and desist letter to his home, and the fact that Defendant has failed to appear in this action despite having been served with the summons and Complaint supports the Court's finding that Microsoft's claims are meritorious.

### 3. The Sum of Money at Stake in the Action

Pursuant to *Eitel*, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *See Philip Morris USA Inc.,* 219 F.R.D. at 500. The Copyright Act authorizes the Court to impose statutory damages for willful infringement up to $150,000 per infringed work. 17 U.S.C. § 504(c). Notwithstanding the evidence that Defendant's infringements were willful, Microsoft is seeking only the statutory maximum for non-willful infringement, a total of $30,000. (Mot. 4 (Dkt. No. 12).) The Court finds that this sum is reasonable in relation to the seriousness of Defendant's conduct.

### 4. The Possibility of a Dispute Concerning Material Facts

As discussed above, following entry of default, all factual allegations in the Complaint are taken as true, except those respecting damages. *See Derek Andrew, Inc.*, 528 F.3d at 702. Because Defendant has not appeared in the action and has filed no answer or response to the motion for default judgment, no factual disputes have been brought to the Court's attention. The exhibits on file with the Court show that Defendant was made aware of Microsoft's position as to the facts by both Microsoft's cease and desist letter and the Complaint.

Defendant's silence supports the Court's finding that it is unlikely that genuine issues exist as to any material facts.

### 5. Whether the Default Was Due to Excusable Neglect

Again, Defendant received notice of Microsoft's intention to pursue civil remedies both through receipt of the cease and desist letter and service of the Complaint. Given the amount of time that has elapsed since the filing of the Complaint in December 2008, and Microsoft's numerous attempts to notify Defendant of his potential liability, the Court finds no evidence of Defendant's excusable neglect.

### 6. The Strong Policy of the Federal Rules Favoring a Decision on the Merits

As other courts have noted, "the mere existence of FED. R. CIV. P. 55(b) indicates that [this] *Eitel* factor is not alone dispositive." *Philip Morris USA Inc.,* 219 F.R.D. at 501. Defendants' failure to oppose the instant motion, or to answer the Complaint, or otherwise appear in this action, prevents adjudication on the merits.

Accordingly, the Court finds that the *Eitel* factors favor entry of a default judgment.

## B. Statutory Damages

Microsoft asks the Court to impose a statutory damages award of $30,000 for Defendant's copyright infringement. (Mot. 3–5 (Dkt. No. 12).) "Under the 1976 Copyright Act, the plaintiff may elect to recover either actual or statutory damages." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990); *see* 17 U.S.C. § 504(c)(1). "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Peer Int'l Corp.*, 909 F.2d at 1336 (*quoting Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)). The statutory maximum for non-willful infringement is $30,000. 17 U.S.C. § 504(c)(1). The Court finds that this is a reasonable and appropriate award, especially

in light of the evidence that Defendant's infringements may have been willful, which, if proven, would entitle Microsoft to seek up to $150,000 in statutory damages.

### C. Injunctive Relief

Microsoft also asks that the Court issue a permanent injunction to prevent Defendant from infringing Microsoft's copyrights in the future. (Mot. 5 (Dkt. No. 12).) The Copyright Act provides that the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The court's "discretion may often be appropriately exercised to issue a permanent injunction when liability has been established and a threat of continuing infringement exists." 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.06[B] (2008). Defendant's failure to cease and desist in response to Microsoft's letter or to defend himself in this action indicates to the Court that there is a high likelihood that Defendant will continue to inflict harm on Microsoft by infringing its copyrights absent an injunction.

The Court also finds that Plaintiff has met the traditional four-factor test for injunctive relief. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (applying the test to injunctions issued under the Patent Act and indicating that the same considerations apply to injunctions issued under the Copyright Act). Microsoft has established that it suffered (1) an irreparable injury (2) that cannot be compensated adequately by remedies at law, such as monetary damages; (3) that the balance of hardships favors Plaintiff; and (4) that the public interest is not disserved by a permanent injunction. *Id*. The Court is persuaded that Defendant's infringements harm Microsoft's business reputation and goodwill such that Microsoft could not be made whole by a monetary award. (Compl. ¶ 30 (Dkt. No. 1 at 7).) In addition, Plaintiff stands to suffer further such damage through Defendant's continued unauthorized distribution of counterfeit software if an injunction does not issue, whereas the Court is unaware of any hardship to Defendant that would counterbalance this consideration.

The public's interest is undoubtedly served by preventing Defendant from distributing deceptively counterfeit Microsoft software. Accordingly, the Court finds that injunctive relief is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff Microsoft Corporation's Motion for Entry of Default Judgment and Permanent Injunction Against Defendant Fernando Lopez (Dkt. No. 12) as follows:

Defendant Fernando Lopez ("Defendant"), is liable to Microsoft for the infringement under the federal Copyright Act, 17 U.S.C. §§ 501 *et seq.*, resulting from his use in commerce of the copyrighted work TX 5-407-055 (Microsoft Windows XP). Therefore, the Court hereby ORDERS:

1. Microsoft is awarded judgment against Defendant, as follows:

   Statutory Damages                $30,000.00

   TOTAL JUDGMENT            $30,000.00

This judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961.

2. Defendant Fernando Lopez and his agents, servants, employees, representatives, successors, and assigns, and all those acting in concert or participation with him shall be, and hereby are, PERMANENTLY ENJOINED and restrained from:

   (a) imitating, copying, or making any other infringing use or infringing distribution of the software and/or materials now or hereafter protected by the following copyright Certificate Registration Number: TX 5-407-055 (Microsoft Windows XP), in addition to any other items or works now or hereafter protected by any Microsoft copyright;

   (b) using any simulation, reproduction, counterfeit, copy or colorable imitation of Microsoft's registered Trademarks, Service Mark or Copyright Registration Number,

including, but not limited to, the registration number listed in paragraph (a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion or display of any software program, component, and/or item not authorized or licensed by Microsoft;

    (c)    using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any software program, component or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for Microsoft, when such is not true in fact;

    (d)    using reproductions, counterfeits, copies or colorable imitations of Microsoft's copyrighted and trademark protected software and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting or displaying of any merchandise not authorized or licensed by Microsoft;

    (e)    using the names, logos or other variations thereof of any of Microsoft's copyright and/or trademark protected software in any of the defendants' trade or corporate names;

    (f)    engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to sue or to exploit, these trademarks, service mark, and/or copyrights;

    (g)    trafficking, distributing or intending to distribute any counterfeit or illicit Microsoft Certificates of Authenticity or Certificate of Authenticity Labels or any Microsoft documentation or packaging; and

//

//

(h) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (g) above.

**IT IS SO ORDERED.**

DATED this 7th day of April, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MICROSOFT CORPORATION'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT AND
PERMANENT INJUNCTION - 10
CASE NO. C08-1743- JCC